# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| Daisy Lynne Meadows,[1] <br><br> Plaintiff <br><br> v. <br><br> Aaron Ford and Douglas Rands, <br><br> Defendants | Case No.: 2:24-cv-00126-JAD-DJA <br><br> **Order Screening Complaint, Granting IFP Status, Denying Remaining Motions, and Dismissing Case** <br><br> [ECF Nos. 1, 1-1, 1-2, 1-3, 3, 4, 5, 6] |

Plaintiff Daisy Lynne Meadows brings this civil-rights action under 42 U.S.C. § 1983, claiming that her Second Amendment rights were violated when Nevada Attorney General Aaron Ford and Deputy Attorney General Rands prevented her from serving as a member of a Montana state militia. Meadows applies to proceed *in forma pauperis*,[2] and I grant that application and screen her complaint under 28 U.S.C. § 1915A. Having done so, I find that she has not pled a colorable Second Amendment claim and can't do so on these facts, so I dismiss this case with prejudice and deny her remaining motions.

## I.  Screening standard

Federal courts must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or an officer or employee of a governmental entity.[3] In its review, the court must identify any cognizable claims and dismiss any claims that are

---

[1] In the complaint, the plaintiff lists her name as "Mrs. Daisy Lynne Meadows." ECF No. 1-1 at 1. Because Meadows is transgender and identifies as female, I use her preferred name and pronouns in this order.

[2] ECF No. 1.

[3] *See* 28 U.S.C. § 1915A(a).

frivolous or malicious, or that fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief.[4] All or part of the complaint may be dismissed *sua sponte* if the prisoner's claims lack an arguable basis in law or fact. This includes claims based on legal conclusions that are untenable, like claims against defendants who are immune from suit or claims of infringement of a legal interest which clearly does not exist, as well as claims based on fanciful factual allegations or fantastic or delusional scenarios.[5]

      Dismissal for failure to state a claim is proper only if it is clear that the plaintiff cannot prove any set of facts in support of the claim that would entitle him or her to relief.[6] In making this determination, the court takes all allegations of material fact as true and construes them in the light most favorable to the plaintiff.[7] Allegations of a *pro se* complainant are held to less stringent standards than formal pleadings drafted by lawyers,[8] but a plaintiff must provide more than mere labels and conclusions.[9] "While legal conclusions can provide the framework of a complaint, they must be supported with factual allegations."[10] "Determining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."[11]

---

[4] *See* 28 U.S.C. § 1915A(b)(1)(2).

[5] *See Neitzke v. Williams*, 490 U.S. 319, 327–28 (1989); *see also McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

[6] *See Morley v. Walker*, 175 F.3d 756, 759 (9th Cir. 1999).

[7] *See Warshaw v. Xoma Corp.*, 74 F.3d 955, 957 (9th Cir. 1996).

[8] *Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *see also Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990) (recognizing that pro se pleadings must be liberally construed).

[9] *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

[10] *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

[11] *Id.*

## II. Screening the complaint[12]

### A. Meadows's factual allegations[13]

During Meadows's years as an inmate in Nevada, she has sought the protection of various state officials, including the defendants. But according to Meadows, Nevada Attorney General Aaron Ford has failed to perform his duties as attorney general, and she requests that he be removed from office so that she can replace him and become the acting attorney general. She claims that Ford has stolen and misappropriated funds during his tenure and that his leadership poses a threat to the safety of the citizens of Nevada. Meadows says that she has the expertise to be acting attorney general, as she has training in "prison reform and anti-terrorism."[14]

Meadows also alleges that she belonged to a militia in Montana before her incarceration. She states that Montana and Nevada are in danger because of the way that Ford is running his office. Meadows alleges that Montana is less safe because Ford prevents her from returning to it as she is a "strategic ground commander" who has been trained to fight in war since 1995.[15] In addition, Meadows claims that she is unsafe because she is subject to torture and assault while in prison.[16]

Based on these allegations, Meadows asserts a claim under the Second Amendment. The complaint is difficult to understand, but Meadows requests that I "allow her to return home and continue her oath and lifetime appointment as an officer in the Montana militia . . . ." Finally,

---

[12] Inmate James Finis helped Meadows prepare the complaint. ECF No. 1-1 at 9.

[13] These facts are merely a summary of Meadows's allegations and are not intended as findings of fact.

[14] ECF No. 1-1 at 3–5.

[15] I note that the NDOC inmate database states that Meadows is currently 36 years old, which means she was 7 years old in 1995.

[16] *Id.* at 6–8.

Meadows requests that I remove the defendants from their positions, appoint her as acting attorney general, and award her compensatory damages.[17]

### B.    Meadows cannot state a plausible Second Amendment claim.

The "Second Amendment protects an individual right to keep and bear arms,"[18] and the Second Amendment's prefatory clause concerns the existence of a "well regulated Militia," which is "necessary to the security of a free State."[19]  The Ninth Circuit in *United States v. Vongxay* conducted a thorough examination of the text and history of the Second Amendment and noted that "[f]elons are often, and historically have been, explicitly prohibited from militia duty."[20]  This type of regulation comports with the purpose of the Second Amendment to maintain "the security of a free State."[21]

I find that Meadows fails to state a colorable claim under the Second Amendment.  The fact that Meadows is incarcerated curtails her ability to exercise her Second Amendment right to participate in a militia, and this court lacks the authority to release her from prison so that she can rejoin the Montana militia.  So I dismiss this case for failure to state a claim.  And because amendment would be futile, I do so with prejudice and without leave to amend.

---

[17] *Id.* at 9.

[18] *Dist. of Columbia v. Heller*, 554 U.S. 570, 595 (2008).

[19] U.S. Const. amend. II.

[20] *United States v. Vongxay*, 594 F.3d 1111, 1118 (9th Cir. 2010) (citing D.C. Code § 49-401 (outlining prohibitions on felons in the militia)).

[21] U.S. Const. amend. II; *see also Parker v. Dist. of Columbia¸* 478 F.3d 370, 399 (D.C. Cir. 2007) (holding that "[r]easonable restrictions also might be thought consistent with a 'well-regulated Militia,'" and noting that "felonious conduct" would render a person "unsuitable for service in the militia").

      **C.    This court lacks the power to remove Nevada's Attorney General.**

Meadows requests in her prayer for relief that this court remove Attorney General Ford from office and appoint her as his replacement as acting attorney general.[22] That relief is not available. The Attorney General of Nevada is chosen by election every four years and "shall hold office for the term of 4 years from the time of his or her installment and until his or her successor shall be qualified."[23] The procedure for removal of an attorney general is governed by Article VII, § 1 of the Nevada Constitution, which requires the majority of the state assembly to vote to impeach the official in question and two thirds of the state senate to convict him.[24] These are the only ways that Nevada law prescribes for the removal of the attorney general—a federal court order at the request of an inmate plaintiff is not among them. So I deny with prejudice Meadows's request to remove Attorney General Ford from office.

**III.    Remaining motions**

Meadows also has pending application to proceed *in forma pauperis*;[25] motions for a protective order,[26] for a preliminary injunction,[27] for appointment of counsel,[28] to challenge

---

[22] ECF No. 1-1 at 9.
[23] Nev. Rev. Stat. § 228.020.
[24] Art. VII, § 1 of the Nev. Constitution.
[25] ECF No. 1.
[26] ECF No. 1-2.
[27] ECF No. 1-3.
[28] ECF No. 3.

attorney general,[29] and to obtain file;[30] and miscellaneous motion to challenge alleged election interference.[31]

### A.  Motion to proceed *in forma pauperis*.

Meadows applies for pauper status.[32]  Because she has demonstrated that she financially qualifies for this status, I grant the motion.[33]  This status doesn't relieve plaintiff of her obligation to pay the full filing fee under 28 U.S.C. § 1915, as amended; it just means that she can do it in installments.  And she remains obligated to pay the full $350 filing fee even though this case is being dismissed.

### B.  Motion seeking appointment of counsel

Like many prisoners who file civil-rights claims, Meadows asks the court to find and appoint her a free lawyer.[34]  A litigant does not have a constitutional right to appointed counsel in 42 U.S.C. § 1983 civil-rights claims.[35]  The statute that governs this type of litigation, 28 U.S.C. § 1915(e)(1), provides that "[t]he court may request an attorney to represent any person unable to afford counsel."  However, the court will appoint counsel for indigent civil litigants only in "exceptional circumstances."[36]  "When determining whether 'exceptional circumstances' exist, a court must consider 'the likelihood of success on the merits as well as the ability of the

---

[29] ECF No. 4.

[30] ECF No. 5.

[31] ECF No. 6.

[32] ECF No. 1.

[33] This order granting *in forma pauperis* status does not extend to the issuance or service of subpoenas at government expense.

[34] ECF No. 3.

[35] *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981).

[36] *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009) (§ 1983 action).

petitioner to articulate [her] claims pro se in light of the complexity of the legal issues involved."[37] "Neither of these considerations is dispositive and instead must be viewed together."[38]

Exceptional circumstances do not exist here. Meadows has failed to show that she is likely to succeed on the merits of this case because she fails to state any colorable claims. So I deny her motion to appoint counsel.[39]

### C.  All remaining motions are denied as moot.

Because Meadows fails to state any colorable claims and her case is being dismissed with prejudice, I deny all of her remaining motions as moot.[40]

### Conclusion

IT IS THEREFORE ORDERED that the application to proceed *in forma pauperis* without having to prepay the filing fee **(ECF No. 1) is GRANTED**. Meadows need not pay an initial installment fee, prepay fees or costs, or provide security for fees or cost, but she is still required to pay the full $350 filing fee under 28 U.S.C. § 1915.

In order to ensure that Meadows pays the full filing fee, IT IS FURTHER ORDERED that **the Nevada Department of Corrections must pay to the Clerk of the United States District Court, District of Nevada, 20% of the preceding month's deposits to the account of DAISY LYNNE MEADOWS #1027585** (in months that the account exceeds $10.00) until the full $350 filing fee has been paid for this action. The Clerk is directed to **SEND** copies of this

---

[37] *Id.*
[38] *Id.*
[39] ECF No. 3.
[40] ECF Nos. 1-2, 1-3, 4, 5, 6.

order to the Finance Division of the Clerk's Office <u>and</u> to the attention of **Chief of Inmate Services for the Nevada Department of Corrections** at formapauperis@doc.nv.gov.

IT IS FURTHER ORDERED that the Clerk of the Court is directed to

- **FILE** the complaint (ECF No. 1-1); and
- **SEND** Meadows a copy of her original complaint along with a copy of this order.

IT IS FURTHER ORDERED that **this action is DISMISSED** with prejudice.

IT IS FURTHER ORDERED that the motion seeking the appointment of counsel **(ECF No. 3) is DENIED**.

IT IS FURTHER ORDERED that **all remaining motions are DENIED** without prejudice as moot because this case has been dismissed with prejudice:

- Motion requesting a protective order (**ECF No. 1-2**);
- Motion for preliminary injunction (**ECF No. 1-3**);
- Motion to challenge attorney general (**ECF No. 4**);
- Motion to obtain file (**ECF No. 5**); and
- Motion to challenge alleged election interference (**ECF No. 6**).

IT IS FURTHER ORDERED that the Clerk of the Court is directed to ENTER JUDGMENT accordingly and CLOSE THIS CASE. **No other documents may be filed in this now-closed case.**

The court certifies that any appeal from this order would **not** be taken "in good faith" under 28 U.S.C. § 1915(a)(3), so *in forma pauperis* status should not continue on appeal.

Dated: July 16, 2024

_____
U.S. District Judge

8